# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
          )
    v.         )     ID No. 2010014313
          )
BRENTON C. SCULLEY,     )
          )
     Defendant.     )
          )

Date Submitted:  September 12, 2022
Date Decided:  October 17, 2022

## ORDER

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1) Defendant pled guilty to Disregarding Police Signal, Drug Dealing, and Endangering the Welfare of a Child on June 14, 2022[2] and was sentenced as follows, effective May 24, 2022: for Disregarding Police Signal, 5 years at Level V, suspended for 18 months at Level III; for Drug Dealing, 15 years at Level III, suspended for 18 months at Level III; and for Endangering the Welfare of a Child, 1 year at Level V, suspended for 1 year at Level III.[3]  Probation for all offenses was

---

[1] D.I. 37.

[2] D.I. 27. The Court notes that the guilty plea addressed two separate case numbers (ID No. 2010014313 and ID No. 2104001248); the case number significant to this Motion is ID No. 2010014313.

[3] D.I. 28.

to run concurrently.[4]

(2)     Defendant was found in violation of probation ("VOP") on August 2, 2022[5] and was sentenced as follows: for Disregarding Police Signal VOP, 5 years at Level V, suspended for 1 year at Level III; for Drug Dealing VOP, 15 years at Level V with credit for 6 days previously served, suspended for 6 months at Level IV followed by 1 year at Level III; and for Endangering the Welfare of a Child VOP, 1 year at Level V, suspended for 1 year at Level III.[6]  Probation for all offenses was to run concurrently.[7]  The relevant portion of the VOP Sentencing Order discussed in Defendant's Motion concerns the 6 months of Level IV time for the Drug Dealing VOP.

(3)     Defendant filed the instant Motion on September 12, 2022.[8]  He requests that he be flowed down from Level IV to Level III immediately upon completion of the "Road to Recovery" ("R2R") program instead of serving 6 months at Level IV for the Drug Dealing VOP.[9]

(4)     In support of his request for sentence modification, Defendant states he is participating in a substance abuse treatment program through R2R, has family

---

[4] *Id.*
[5] D.I. 31.
[6] D.I. 36. The Court notes that D.I. 36 refers to the corrected VOP Sentencing Order, not the previous Sentencing Order (which is D.I. 35).
[7] *Id.*
[8] D.I. 37.
[9] D.I. 37 at 2.

support, and upon completion of R2R will seek assistance with housing and employment through the ReEntry program.[10]

(5) Superior Court Criminal Rule 35 governs motions for modification of sentence.[11] The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[12] Under Rule 35(b), the Court may "reduce the . . . term or conditions of partial confinement or probation, at any time."[13] "The burden is upon the movant to establish cause to modify a lawfully imposed sentence."[14] "Although the Rule does not set forth specific criteria which must be met before the Court may grant a Rule 35(b) motion, common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[15]

(6) The Court commends Defendant for his rehabilitation goals and efforts, but finds Defendant's sentence remains appropriate for all the reasons stated at the time of sentencing. Given Defendant's prior violations of probation, criminal history, and substance abuse history,[16] the Court exercised its discretion in

---

[10] D.I. 37 at 2.
[11] Super. Ct. Crim. R. 35.
[12] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[13] Super. Ct. Crim. R. 35(b).
[14] *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018).
[15] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[16] At the VOP hearing, the Court noted that Defendant "has a serious drug addiction." (D.I. 31).

determining that 6 months at Level IV was an appropriate sentence.[17]  No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **DENIED**.


                                              /s/ Jan R. Jurden

                                     Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Kristina G. Bensley, DAG
        Brenton C. Sculley (SBI# 00525738)

---

[17] *See Wilkerson v. State*, 173 A.3d 1061, 2017 WL 5450747, at \*1 (Del. Nov. 13, 2017) (TABLE) (explaining sentence modifications are reviewed for abuse of discretion).